The opinion of the Court was delivered by
CoicocK, J.
I cannot for a moment doubt the authority of the Court to make the order. The Act, 1 Brev. Dig., 67; 2 Faust, 74,[1] requires that the father of the child shall enter into a recognizance with two good and sufficient securities, in the penal sum of sixty pounds, *conditioned for the annual payment of five pounds, for the maintenance of the child. Now from the nature of the obligation, (a recognizance,) the application for relief, on the part of the father or mother, must be to the Court of Sessions, and the proceeding to enforce a payment, according to the condition, would be by scire facias out of the Court of Sessions. The Act requires the recognizances to be taken by a magistrate. And magistrates are bound to return to the sessions all recognizances. It would seem to follow, of course, that the proper place of deposit is with the Clerk of the Court of Sessions. It is said, that as the commissioners of the poor have the application of the money, they should have the possession of the recognizances. I have shown, that according to the usual course of legal proceedings, the recognizances would be deposited with the Clerk of the Court of Sessions, and as the Act does not expressly say that they shall be given to the commissioners of the poor, the usual course of proceeding must be adopted. But on the ground of expediency, it is obvious, that the proper place of these papers is the office of the clerk. This is usually in the centre of the district; when process is necessary, it issues from his office. His time is devoted to the public. His office is at all times accessible. Now the chairman of the board of commissioners, or their clerk, may reside in a remoter part of the district. Payment cannot be enforced without the aid of a Court,' and, of course, application must be made by the party or commissioners for that purpose; and that would compel the attendance of the commissioners, if they were the keeper of the recognizances. I am not satisfied that the duty required of the clerk is to be performed without compensation. The mere act of receiving and keeping the recognizances would perhaps not entitle him to any. But when a scire facias is necessary, I am disposed to think he would be entitled to some compensation. Be as it may, *1 do not think it a sufficient reason to rescind the order.
The motion is therefore refused.
Cheves and Johnson, JJ., concurred.

 5 Stat. 270.
See Act of 1839, 11 Stat. 16; 7 Rich. 363; 3 Hill, 275; 3 Brev. 396; 2 vol. 425.